Stephen C. Ruehmann (167533)
**LAW OFFICES OF STEPHEN C. RUEHMANN**
770 L Street, Suite 950
Sacramento, CA 95814
Tel (916) 449-3939/Fax (916) 449-3929
ruehmannlaw@yahoo.com

Marc A. Fisher, Esq. (47794)
**LAW OFFICES OF MARC A. FISHER**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
Tel (916) 988-8001/Fax (916) 988-8002
mfisher@cosentinolaw.com

Attorneys for Plaintiffss
ANILECH SHARMA and
PARMA SHARMA

FILED
DEC 21 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANILECH SHARMA and PARMA SHARMA, <br><br> Plaintiffss, <br><br> vs. <br><br> PROVIDENT FUNDING ASSOCIATES, L.P.; a California limited partnership; PREFERRED MORTGAGE, a California business entity, form unknown; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; a California corporation; MAX DEFAULT SERVICES CORPORATION, a California corporation; and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: **C09-05968 VRW** <br><br> **DECLARATION OF PLAINTIFF ANILECH SHARMA IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE PENDING PRELIMINARY INJUNCTION** <br><br> **ADR** <br><br> DATE: December 21, 2009 <br> TIME: TBA <br> DEPT: TBA <br> JUDGE: TBA |

Stephen C. Ruehmann, ESQ.(167533)
LAW OFFICES OF STEPHEN C. RUEHMANN
770 l. Street, Suite 950
Sacramento, CA 95814
(916)449-3939

MARC C. FISHER, ESQ. (44794)
LAW OFFICES OF MARC C. FISHER
9580 Oak Avenue Parkway, Suite 15
Folsom, CA 95630
(916) 988-8001

Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA, Ca.   – UNLIMITED JURISDICTION

| | |
|---|---|
| Anilech Sharma<br><br>vs.<br><br>Provident Funding, et al., Defendants. | Case No.:<br><br>DECLARATION OF ANILCH SHARMA\ IN SUPPORT OF EX PARTE APPLICATION FOR A RESTRAINING ORDER AND INJUNCTION |

I, Anilech Sharma, declare:

1. That I am the plaintiff in the above-referenced matter and I have personal knowledge of the facts contained in this declaration and I am willing and competent to testify to their truth if called as a witness.

2. That I the owner of the real property located at 22169 Betlen Way, Castro Valley, CA. 94546 which is a single family residence where I reside with my family and my wife Parma D. Sharma.

3. That we have owned this property as since October 2006. We have spent capital investment and sweat equity in improving and maintaining the property.

4. That my current lender on my home is Provident Funding .

5. Provident Funding provided me with a mortgage 1st loan for approx $470,800.00 and a 2nd loan for approx $117,700.00 of which the principle balance of the 1st loan is over $495,000,.00 We were solicited by Preferred Mortgage located in San Ramon Ca. an agent of Provident Funding, to purchase our home with a very low interest rate. The loan agent Marques Buck of Preferred Mortgage advised me that this was a special loan program and that they would fill out the loan application with our income of over $10,500 per month which was far more than our real incomes as a supervisor at Little Ceasar Enterprises and my wife as a nursing assistant.. The Prefered Mortgage representative Marques Buck, agent of Provident Funding said this was necessary to "just state whatever on the application for income and assets, that would not be verified to make the loans go through." I never met with or talked to a Provident Funding direct representative or underwriter about the loan, only to the Preferred Mortgage agent.. When I signed the loan papers know one ever explained the terms of the loans or how the loan was repaid. We were tolod that we would be able to refinance later to a better loan.  I was just told to sign the loan documents by Marques Buck the Preferred Mortgage, Provident Funding loan representative and the loan would go through. Even though we had concerns about the terms of the loan, we were told by Marques Buck of Preferred Mortgage the agent of Provident Funding, that if we did not sign the loan documents we would forfeit our deposit and be responsible for all the originations fees including the yield spread premium that Preferred Mortgage was receiving from Provident Funding that was over $6,000.00

6. At some point on or about January 2009, we began to experience some financial problems.

7. At no time since January of 2009 has Provident Funding or any of its acts, employees, servants or any persons acting on their behalf including the trustee and beneficiaries contacted me prior to filing a Notice of Default to discuss a loan modification with a lower monthly payment or interest rate  or alternative to foreclosure. The only calls I ever received were collection calls and threats of foreclosure from Provident Funding.

8. I did not receive any mail, telephones calls or any other correspondence from, Provident Funding loan representative its agents, servants, employees or anyone acting on its behalf offering me a loan modification with a lower monthly payment than we currently had or alternative prior to the filing a Notice of Default on the subject property in August of 2009. I called Provident Funding in March 2009 in response to the constant collection calls, noting that we were having financial problems. Repeated calls to the collections people at Provident Funding resulted in them giving me the phone number for another department within Provident Funding to discuss my options. When I called that department, they provided me with loan modification forms to fill out and they told me a loan negotiator would be assigned to my account. I filled the paperwork out and returned it. I then called twice a week in an attempt to speak with a loan negotiator and was told that I could not speak with him/her. Out of frustration with dealing with Provident Funding in June of 2009 we hired an attorney to assist us in securing a loan modification with Provident Funding. Our attorney we hired was treated with the same lack of communication, constant delays and acts of bad faith by Provident Funding who only offered a trial modification with a a higher monthly payment. In August 2009 Provident Funding filed a "Notice of Default" without even responding to our pleas for a loan modification or an alternative to foreclosure. Finally after the Notice of Default in November of 2009 we received a " loan modification" . The payment on the " modification" was a higher payment that our original mortgage loan payment, did not lower the interest rate and required a substantial upfront fee. In August of 2009 Provident Funding filed a Notice of Default. They would not give me a loan modification and fixed rate loan with an interest rate and a lower monthly payment we could afford. Instead they offered to give us a higher monthly payment and keep us in the loan that created the problem to begin with.

I experienced many unsuccessful attempts to discuss and secure a loan modification with Provident Funding. I faced a complete lack of response and communication, as did the attorney

we hired. Provident Funding loss mitigators denied and failed to offer us any loan modification that would reduce our monthly payments.

9. That at no time was there any personal meetings or telephonic between me, Provident Funding loan representive or anyone acting on its behalf to discuss an alternative to foreclosure before filing the Notice of Default in August 2009.

10. I never received from Provident Funding loan representative or anyone acting on its behalf the toll free number to the United States Department of Housing and Urban and Development (HUD) to find a certified counseling agency before they filed the Notice of Default in August of 2009. I was only given their in house debt collection department before and after they filed the Notice of Default.

11. At all times, I was available to meet with Provident Funding loan representative or anyone acting on its behalf either in person or telephonically, however, nothing ever occurred.

12.     I personally made several attempts every week for months to contact Provident Funding loan representative or anyone acting on its behalf to discuss loan modification. I filled out and sent in the loan modification forms I was sent after the notice of default in August 2009. I received a "trial modification" with an upfront fee with a higher monthly mortgage payment than I was making before.

13.     That defendant Provident Funding, its agents, beneficiaries or anyone acting on its behalf are not the holder of the promissory note in due course nor have they received an endorsement of the promissory note from the true not holder(s).

14.     That despite Provident Funding, its agents, servants, employees, beneficiaries failing to comply with the requirements set forth in Civil Code Section 2923.5, a notice of default was recorded against the property.

15.     That Provident Funding and its agents, servants, employees, beneficiaries and the trustee should not be allowed to benefit from its intentional and willful failure to comply with the law

1 | done in response by the California Legislature to prevent such conduct as this type of
2 | foreclosure.
3 | 16.     That an Order enjoining defendants from proceeding with the selling, transferring of
4 | ownership, encumbering or any other action should be granted because it is the only way
5 | injustice can be avoided. There is no harm to defendants because they have failed to comply
6 | with the Civil Code Section 2923.5 and they have no interest in the property and/or monetary
7 | recovery, which can be justly determined by the court. Moreover, if this court determines that
8 | the defendants have an interest in the subject property defendants can take action at that time.
9 | 17.     That an Order enjoining defendants from proceeding with the foreclosure sale or any
10 | other action should be granted because this land is unique. Therefore, if defendants conduct is
11 | allowed there is no adequate remedy in law.
12 | Furthermore, there is no harm or injury to defendants to allow the dispute to be resolved in
13 | Court.
14 | 18.     Therefore, I respectfully ask the Court to enjoin defendants from proceeding with the
15 | foreclosure sale, transferring of ownership, encumbering or any other action until the matter is
16 | resolved in Court.
17 | I declare under the penalty of perjury under the laws of the State of California that the
18 | foregoing is true and correct.
19 | Dated: December 17, 17, 2009.

_____
Anilech Sharma